# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CINQUE A. BRANDON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-630 RLW |
| | ) | |
| ST. LOUIS CITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Cinque A. Brandon, a prisoner, for leave to commence this civil action without prepaying fees or costs. For the reasons explained below, the Court will grant the motion and assess an initial partial filing fee of $1.00. Additionally, the Court will give plaintiff the opportunity to file an amended complaint and will deny without prejudice his motion seeking the appointment of counsel.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In the case at bar, plaintiff did not provide the required inmate account statement. Instead, he attached correspondence to his complaint in which he described his unsuccessful attempts to obtain the statement from his case worker, and from other prison officials. When a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). This Court will therefore assess an initial partial filing fee of $1.00.

## Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the

2

reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even complaints filed by laypeople must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse the mistakes of those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the City of St. Louis, the St. Louis City Justice Center (also "Justice Center"), Adrian Barnes, and Summit Food Prep. Plaintiff sues Barnes in his official capacity, and identifies him as the Superintendent of the Justice Center. Plaintiff can be understood to identify Summit Food Prep as a company that provides food for the Justice Center. Plaintiff, a practicing Muslim, claims that while he was a pretrial detainee at the Justice Center, the defendants failed to provide religious accommodations to him and other inmates, in violation of their First Amendment rights. In support, plaintiff alleges as follows.

Beginning April 12, 2020, plaintiff's performance for the month of Ramadan was "very poor regarding what's required for all Muslims." During the first two days of Ramadan, plaintiff and other inmates were not properly fed, and when they "confronted officers of these issues," they were told "Summit Food Prep" was at fault. Plaintiff claims he and other inmates were "brought breakfast food [way] after the required times which allows us to miss breakfast [or] otherwise the fast was improper." He writes: "[due] to officer['s] unprofessional performance allowed us to 'not freely practice religion.'" Plaintiff states he and other inmates were not properly fed throughout the fast, in that they were "not [given] the proper portions, food would arrive ice cold, food would arrive extrem[e]ly late."

Plaintiff further asserts that throughout Ramadan, Muslim inmates were not allowed to perform "Congregational Prayer," the Justice Center and Summit Food Prep ended Ramadan two days early, and unidentified persons made derogatory comments about Muslims. When plaintiff complained, he was told to "write it up." He did so, but was "never assisted with these matters" and his grievances were ignored. Plaintiff identifies his injuries as hunger, mental distress, and headaches, and he seeks $50,000 in damages.

**Discussion**

The complaint is subject to dismissal. It appears plaintiff filed the complaint, at least in part, to seek relief on behalf of other individuals. However, plaintiff lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (stating that to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Further, while federal law authorizes plaintiff to plead and conduct his own case personally, 28 U.S.C. § 1654, he is not a

4

licensed attorney and therefore may not represent other individuals in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986).

Additionally, the complaint is frivolous and/or fails to state a claim upon which relief may be granted against the named defendants. The St. Louis City Justice Center is not an entity that can be sued under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (entities such as police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government."). Plaintiff's official-capacity claims against Barnes are the equivalent of claims against his employer. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Here, plaintiff identifies Barnes's employer as the St. Louis City Justice Center which, as noted above, is not an entity that can be sued under § 1983. *See Ketchum*, 974 F.2d at 82.

Even if plaintiff had sued Barnes in his individual capacity, the complaint would fail to state a viable claim against him. Plaintiff does not allege Barnes was directly involved in or personally responsible for specific violations of his constitutional rights. Instead, it appears plaintiff's claims against Barnes sound in *respondeat superior*. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Claims sounding in *respondeat superior* are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

Plaintiff has also named the City of St. Louis as a defendant. A local governing body can be sued directly under 42 U.S.C. § 1983. *Monell v. Dep't of Soc. Servs. of City of New York*, 436

5

U.S. 658, 690 (1978). However, the instant complaint contains no facts that would demonstrate the existence of a policy or custom that caused the alleged deprivation of plaintiff's rights. It therefore fails to state a viable claim against the City of St. Louis. *See Ulrich v. Pope Cnty.*, 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of a *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Finally, while plaintiff can be understood to identify Summit Food Prep as a corporation acting under color of state law, the complaint contains no facts tending to show that a policy, custom, or official action inflicted an actionable injury. The complaint therefore fails to state a viable claim against Summit Food Prep. *See Stearns v. Inmate Services Corp.*, 957 F.3d 902, 906 (8th Cir. 2020) (explaining that the "proper test" for determining whether a corporation acting under color of state law is liable under 42 U.S.C. § 1983 "is whether there is a policy, custom, or action by those who represent [the defendant corporation's] official policy that inflicts injury actionable under § 1983").

The Court will give plaintiff the opportunity to file an amended complaint to clearly set forth his claims. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the

6

parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell,* 909 F.2d at 1208. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Further, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff is advised he may not amend the complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional*

7

*Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding it appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Plaintiff has also filed a motion to appoint counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

Here, there is no indication that the appointment of counsel would be of sufficient benefit to plaintiff or the Court. First, plaintiff has yet to state a non-frivolous claim. Also, nothing in the instant motion or in the record before this Court indicates that plaintiff is incapable of representing himself, and it appears this case involves straightforward factual and legal issues. However, recognizing that circumstances may change, the Court will deny the motion for appointment of counsel without prejudice, and will consider future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 3) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, by **February 23, 2022**, plaintiff must pay an initial filing fee of $1.00.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, by **February 23, 2022**, plaintiff must file an amended complaint in accordance with the instructions herein.

**Plaintiff's failure to timely and fully comply with this order by paying the initial filing fee and submitting an amended complaint on the Court-provided form by February 23, 2022**, **may result in the dismissal of this case, without prejudice and without further notice.**

 

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this <u>24th</u> day of January, 2022.